UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA

| | |
|---|---|
| JAMES DOUGLAS LUNSFORD HETH, | ) |
| Plaintiff, | ) |
| v. | ) CAUSE NO.: 2:18-CV-89-TLS |
| SHERIFF OSCAR MARTINEZ, *et al.*, | ) |
| Defendants. | ) |

**OPINION AND ORDER**

James Douglas Lunsford Heth, a pro se prisoner, filed a complaint [ECF No. 1] alleging that he contracted scabies while he was a pre-trial detainee at the Lake County Jail in September 2017. "A document filed pro se is to be liberally construed, and a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, pursuant to 28 U.S.C. § 1915A, the Court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. "In order to state a claim under [42 U.S.C.] § 1983 a plaintiff must allege: (1) that defendants deprived him of a federal constitutional right; and (2) that the defendants acted under color of state law." *Savory v. Lyons*, 469 F.3d 667, 670 (7th Cir. 2006).

Lunsford Heth alleges that Sheriff Oscar Martinez, Jr., Former Sheriff John Buncich, and Assistant Deputy Warden Nearly are (or were) supervisors who should have ensured that their employees decontaminated inmates arriving the jail. However, "[s]ection 1983 does not establish a system of vicarious responsibility" and "public employees are responsible for their own

misdeeds but not for anyone else's." *Burks v. Raemisch*, 555 F.3d 592, 593 (7th Cir. 2009). "Only persons who cause or participate in the [Constitutional] violations are responsible. Ruling against a prisoner on an administrative complaint does not cause or contribute to the violation." *George v. Smith*, 507 F.3d. 605, 609 (7th Cir. 2007) (citations omitted); *see also Owens v. Hinsley*, 635 F.3d 950, 953 (7th Cir. 2011). Therefore, Sheriff Oscar Martinez, Jr., Former Sheriff John Buncich, and Assistant Deputy Warden Nearly will be dismissed.

Lunsford Heth's allegations against Officer Mattingly, Deputy Warden Gore and Administrator Davies are not as detailed as they might be, but giving him the benefit of the inferences to which he is entitled at the pleading stage of this proceeding, he has plausibly alleged that all three were personally responsible for decontaminating inmates entering the Lake County Jail in September 2017. He alleges they were deliberately indifferent to the spread of communicable diseases and the proximate cause of his getting scabies. This states a claim for violating his Fourteenth Amendment rights.

For these reasons, the Court:

(1) GRANTS James Douglas Lunsford Heth leave to proceed against Officer Mattingly, Deputy Warden Gore and Administrator Davies in their individual capacities for compensatory damages for proximately causing him to get scabies by not decontaminating inmates entering the Lake County Jail in September 2017 in violation of the Fourteenth Amendment;

(2) DISMISSES all other claims;

(3) DISMISSES Sheriff Oscar Martinez, Jr., Former Sheriff John Buncich, and Assistant Deputy Warden Nearly; and

(4) DIRECTS the clerk and the United States Marshals Service to issue and serve process

on Officer Mattingly, Deputy Warden Gore and Administrator Davies at the Lake County Jail with a copy of this order and the complaint [ECF No. 1] as required by 28 U.S.C. § 1915(d).

SO ORDERED on August 16, 2018.

s/ Theresa L. Springmann  
CHIEF JUDGE THERESA L. SPRINGMANN  
UNITED STATES DISTRICT COURT  
FORT WAYNE DIVISION