# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# HAMMOND DIVISION

JAMES DOUGLAS LUNSFORD HETH,

    Plaintiff,

v.

CORRECTIONAL OFFICER
MATTINGLY, et al.,

    Defendants.

CAUSE NO. 2:18-CV-89-TLS-JEM

## OPINION AND ORDER

This matter is before the Court on Defendants' Joint Motion for Summary Judgment by All Defendants [ECF No. 48].

Plaintiff James Douglas Lunsford Heth is a prisoner who is proceeding in this case without a lawyer "against Officer Mattingly, Deputy Warden Gore and Administrator Davies in their individual capacities for compensatory damages for proximately causing him to get scabies by not decontaminating inmates entering the Lake County Jail in September 2017 in violation of the Fourteenth Amendment" [ECF No. 24 at 2]. Defendants filed a joint summary judgment motion arguing Heth did not exhaust his administrative remedies prior to filing this lawsuit. Heth filed document titled "Motion Exhausting My Administrative Remedies Joint Summary Judgment" [ECF No. 62]. Despite its confusing title, this filing is clearly Heth's response to the defendants' joint summary judgment motion.[1] Defendants apparently did not understand this filing was Heth's response to their summary judgment motion and so responded[2] [ECF No. 64]

---

[1] "A document filed pro se is to be liberally construed, and . . . however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Therefore the Court will accept it as his response.

[2] The defendants first response [ECF No. 63] was immediately amended. *See* Am. Joint Resp. to Pr Se Pl.'s Mot. at 1, ECF No. 64.

as if it were an independent motion. Nevertheless, this "response" is functionally a reply to Heth's response and will be construed as such.

## LEGAL STANDARD

Summary judgment must be granted when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A genuine issue of material fact exists when "the evidence is such that a reasonable [factfinder] could [find] for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). To determine whether a genuine issue of material fact exists, the Court must construe all facts in the light most favorable to the non-moving party and draw all reasonable inferences in that party's favor. *Heft v. Moore*, 351 F.3d 278, 282 (7th Cir. 2003). Summary judgment "is the put up or shut up moment in a lawsuit . . . ." *Springer v. Durfiinger*, 518 F.3d 479, 484 (7th Cir. 2008) (quoting *Steen v. Myers*, 486 F.3d 1017, 1022 (7th Cir. 2007)).

Prisoners are prohibited from bringing an action in federal court with respect to prison conditions "until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). "[A] suit filed by a prisoner before administrative remedies have been exhausted must be dismissed; the district court lacks discretion to resolve the claim on the merits, even if the prisoner exhausts intra-prison remedies before judgment." *Perez v. Wisconsin Dep't of Corr.*, 182 F.3d 532, 535 (7th Cir. 1999). The Seventh Circuit has taken a "strict compliance approach to exhaustion." *Dole v. Chandler*, 438 F.3d 804, 809 (7th Cir. 2006). Thus, "[t]o exhaust remedies, a prisoner must file complaints and appeals in the place, and at the time, the prison's administrative rules require." *Pozo v. McCaughtry*, 286 F.3d 1022, 1025 (7th Cir. 2002). "[A] prisoner who does not properly take each step within the administrative process has failed to

exhaust state remedies." *Id*. at 1024. Nevertheless, "[f]ailure to exhaust is an affirmative defense that a defendant has the burden of proving." *King v. McCarty*, 781 F.3d 889, 893 (7th Cir. 2015).

## ANALYSIS

Here, there are no genuine issues of disputed fact and Defendants' Motion will be granted. Defendants submitted the grievance policy that was in force in September 2017 when Heth alleges the defendants did not properly decontaminate inmates entering the Lake County Jail and thereby caused him to get scabies. Joint Mem. Of Law in Supp. of Summ. J. by All Defs., Ex. 2, ECF No. 49-2. Heth does not dispute either the existence or terms of the grievance policy. Mot. Exhaust. My Admin. Remedies Joint Summ. J., ECF No. 62. Neither does he dispute this issue was grievable. *Id*. The policy required that he file a grievance "within 72 hours of the date of incident being grieved." Joint Mem. Of Law in Supp. of Summ. J. by All Defs. at 21. It also required that an appeal be filed within 72 hours after receiving the final disposition. *Id*. Because the incident is alleged to have occurred in September 2017, the grievance had to be filed on or before October 3, 2017 in order to be timely.

Assistant Warden Jose Menchaca supervises the grievance system at the Lake County Jail. He acknowledges Heth filed numerous grievances while at the jail, including some about scabies. However, he affirmed under penalty of perjury that "[d]uring his incarceration at the Lake County Jail, James Douglas Heth did not grieve his complaints regarding his allegations of scabies with 72 hours, nor did he appeal his denial of his grievances within 72 hours, pursuant to the grievance procedures provided in Section XVI (B) of the Lake County Jail Inmate Handbook." Joint Mem. Of Law in Supp. of Summ. J. by All Defs., Ex. 1 at 10, ECF No. 49-1.

In his response, Heth says, "I filed a Grievance numerous times electronically." Mot. Exhaust. My Admin. Remedies Joint Summ. J. at 2. However, he does not say when, and so the

response does not create a genuine issue of disputed fact. It is undisputed that Heth filed grievances about scabies. It is also undisputed that none of them were filed within 72 hours of his having contracted scabies because Heth has not provided any evidence to dispute the Affidavit of Assistant Warden Menchaca where he verified under penalty of perjury that there were no timely grievances filed by Heth.

Heth's response to the summary judgment motion provides no details about any of his grievances. However, in his complaint, which was signed under penalty of perjury, he states he filed five electronic grievances and four electronic request slips asking for copies of grievances. Compl. at 3, ECF No. 1. Heth did not attach a copy of any of the referenced grievances. The complaint gives no details about them other than to say Grievance Number 8719243 was answered by Sgt. Leto telling him, "The holding cells and booking showers are sanitized and cleaned daily." *Id.* at 7.

Nevertheless, the defendants have provided copies of four of the five grievances Heth identified in his Complaint. It is unclear what relevance the fifth grievance (Grievance Number 5264299) might have. However, it is clear Heth did not provide it nor otherwise provide any details about it which could create a genuine issue of disputed fact about whether it was filed within 72 hours of his having contracted scabies. Therefore, Heth's mere statement that he filed Grievance Number 5264299 does not create a genuine issue of disputed fact.

Grievance Number 8719243 was submitted on February 24, 2018. Heth complained he "Caught scabies in August or September 2017." Joint Mem. Of Law in Supp. of Summ. J. by All Defs., Ex. 7 at 1, ECF No. 49-7 (spelling and capitalization corrected). He also complained, "No respond from my inmate request from Nov.5th of 2017. Request # is 005263856." *Id*. This corresponding grievance (8719243) was untimely and was rejected for several reasons including

4

being a duplicate of other grievances on the same subject. *Id*. at 2. Moreover, the other grievance (5263856) mentioned by Heth, filed on November 5, 2017, was also untimely.

Grievance Number 8669753 was submitted on February 23, 2018. Heth complained about "Scabies&Lice" stating the incident occurred on February 23, 2018, but also referencing to four previous grievances "for incidents related to scabies or lice." Joint Mem. Of Law in Supp. of Summ. J. by All Defs., Ex. 6 at 1, ECF No. 49-6. This grievance was untimely as to any event which occurred in September 2017. It was rejected for several reasons including being a duplicate of other grievances on the same subject. *Id*. at 2.

Grievance Number 7861963 was submitted on February 20, 2018. Heth complained about catching scabies on three different occasions. Joint Mem. Of Law in Supp. of Summ. J. by All Defs., Ex. 5 at 1, ECF No. 49-5. However, he is only proceeding in this case based on events which occurred in September 2017. This grievance was untimely as to those events. It was rejected for several reasons including because it was untimely and a duplicate of other grievances on the same subject. *Id*. at 2.

Grievance Number 5569504 was submitted on December 16, 2017. Heth complained about "caught scabies in August or September of 2017." Joint Mem. Of Law in Supp. of Summ. J. by All Defs., Ex. 4 at 1, ECF No. 49-4 (spelling and capitalization corrected). He also complained, "No respond from my inmate request from Nov.5th of 2017. Request # is 005263856." *Id*. The corresponding grievance (5569504) was untimely as to events which occurred in September 2017. It was closed and reopened several times. Ultimately it was rejected for several reasons including being untimely and a duplicate of other grievances on the same subject. *Id*. at 2. Moreover, the other grievance (5263856) mentioned by Heth which was filed on November 5, 2017, was also untimely.

Therefore, there are no material facts in dispute. Heth is proceeding solely on a claim that he got scabies because the defendants did not properly decontaminate other inmates in September 2017. It is undisputed the Lake County Jail had a grievance system and this incident was grievable. It is undisputed Heth filed grievances about scabies, but that none were timely. "To exhaust administrative remedies, a prisoner must file complaints and appeals in the place, and at the time, the prison's administrative rules require." *Pozo*, 286 F.3d at 1025. "[A] prisoner who does not properly take each step within the administrative process has failed to exhaust state remedies." *Id*. at 1024. "[A] suit filed by a prisoner before administrative remedies have been exhausted must be dismissed; the district court lacks discretion to resolve the claim on the merits." *Perez*, 182 F.3d at 535. Therefore, the defendants' motion for summary judgment must be granted.

## CONCLUSION

For the above reasons, Defendants' Joint Motion for Summary Judgment by All Defendants [ECF No. 48] is GRANTED and this case is DISMISSED WITHOUT PREJUDICE because James Douglas Lunsford Heth, did not exhaust his administrative remedies as required by 42 U.S.C. § 1997e(a).

SO ORDERED on March 31, 2020.

s/ Theresa L. Springmann
CHIEF JUDGE THERESA L. SPRINGMANN
UNITED STATES DISTRICT COURT